BEN BIRKENFELD, RESPONDENT, v. ABRAHAM GINSBURG, APPELLANT.

Submitted October 27, 1928—Decided May 20, 1929.

For the appellant, *Marder & Okin* (*Aaron Marder*, of counsel).

For the respondent, *Harry T. Davimos*.

The opinion of the court was delivered by

TRENCHARD, J. This is an appeal by the defendant below from a summary judgment entered in the Essex County Circuit Court in favor of the plaintiff.

The complaint contains two counts: The first alleging the earning of commissions in the sum of $1,545, and the second alleging an assigned claim of Messrs. Kessler & Kessler, attorneys-at-law, for professional services at an agreed price of $1,000.

The answer denied each paragraph of both counts of the complaint in such a manner as to amount to a denial of all the allegations set out in it.

Upon plaintiff's motion, upon affidavits, to strike out the answer and for summary judgment, the complaint was amended, and the material amendment is to the first count. The original complaint had attached to it a copy of an agreement wherein the defendant agreed to pay commissions to plaintiff for the leasing of the premises in question to the Warner-Quinlan Company. The amended complaint alleged in its first count that the agreement was performed by the procuring as a lessee the Miliage Gas Corporation, which corporation is a subsidiary of the Warner-Quinlan Company, and that the Miliage Gas Corporation was approved in substitution of the Warner-Quinlan Company, by the defendant and accepted by him as a full performance of the commission agreement.

Upon further affidavits filed by both plaintiff and defendant, the answer was stricken out and summary judgment entered.

Now Supreme Court rules 80 and 81 (Revision of 1926), upon which the application for striking out the answer and for summary judgment was based, read thus:

"80. When an answer is filed in an action brought to recover a debt or liquidated demand arising—

(a) Upon contract express or implied, sealed or not sealed; or,

(b) Upon a judgment for a stated sum; or,

(c) Upon a statute;

The answer may be struck out and judgment final may be entered upon motion and affidavit as hereinafter provided, unless the defendant by affidavit or other proofs shall show such facts as may be deemed, by the judge hearing the motion, sufficient to entitle him to defend.

81. The motion to strike out shall be made upon affidavit of the plaintiff or that of any other person cognizant of the facts, verifying the cause of action, and stating the amount claimed and his belief that there is no defense to the action."

Under these rules a plaintiff is entitled to a summary judgment upon presenting an affidavit complying with rule 81, unless the defendant by affidavit or other proofs shows such facts as may be deemed, by the judge hearing the motion, sufficient to entitle him to defend; but if upon review of such a final judgment, as permitted by section 15 of the Practice act of 1912 (*Pamph. L., p.* 380) it be found by the appellate court that the facts set out in the defendant's affidavit, presented in support of his answer, fully and completely deny and controvert essential allegations of the plaintiff's complaint and affidavit upon which his cause of action depends, the judgment will be reversed.

The defendant first argues, and with much force, that plaintiff's affidavits are not in compliance with rule 81 in several respects. But we do not think it advisable to rest our decision upon that contention.

We find that the facts set out in the defendant's affidavit fully and completely deny and controvert essential allegations of the plaintiff's complaint and affidavits upon which his cause of action depends.

Thus defendant's affidavit contains a full and complete denial of essential allegations contained in the first count of the complaint and in the plaintiff's affidavits in support thereof. It denies that the lease between the defendant and the Miliage Gas Corporation was approved in substitution of the one of the Warner-Quinlan Company, and accepted by the defendant as a full performance by the plaintiff of his employment. It further denies the allegation in plaintiff's affidavit of admission of liability. It sets forth defendant's

version of the facts relating to the transaction in such manner as to require the submission of the defendant's liability on the first count to a jury.

Likewise defendant's affidavit contains a full and complete denial of essential allegations contained in the second count of the complaint and in plaintiff's affidavits in support thereof. It denies the employment of Messrs. Kessler & Kessler by the defendant, and avers that such services as they performed were performed for some other person. It denies the admissions of liability charged in plaintiff's affidavit. These denials likewise require the submission to a jury the question of the defendant's liability on the second count.

In order that the case may be submitted to a jury the order striking out the answer will be vacated, the summary judgment reversed, and the cause remitted to the court below to be proceeded with according to law.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, KALISCH, BLACK, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 14.